# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

In re JOSEPH P. GANIM.        No. 3:03-GP-00004 (SRU)

## ORDER

On March 31, 2003, Joseph P. Ganim ("Ganim") was convicted of multiple "serious crimes" as defined in Local Rule 83.2(e), involving his character, integrity, and professional standing. Doc. No. 4, Presentment for Discipline Regarding Copy of Conviction to Federal Grievance Committee, at 1–2. On April 2, 2003, this court ordered an Interim Order of Suspension from practice until final disposition of any disciplinary proceedings commenced as a result of the conviction. Doc. No. 3, Order of Transfer. On March 20, 2008, a Mandate issued from the Second Circuit Court of Appeals affirming Ganim's conviction. *See* Doc. No. 11, Presentment for Discipline Regarding Guilty Verdict, at 2. On March 4, 2010, the Superior Court for the State of Connecticut issued an Order suspending Ganim from the practice of law for nine years, retroactive from August 8, 2003, to August 8, 2012. Doc. No. 29, Motion for Imposition of Discipline, at 2.

On August 23, 2011, I entered an order of reciprocal discipline, suspending Ganim from the Bar of this Court for a period of nine years. Doc. No. 31, Order of Reciprocal Discipline, at 1. That order provided that Ganim would be eligible to apply for early reinstatement at any time provided he met the conditions listed in the order; it further provided that he could petition for reinstatement pursuant to Local Rule 83.2(i)(2). *Id*. I noted that such a petition could be made "regardless of whether [Ganim] has been admitted to the Connecticut Bar." *Id.* at 2.

On September 1, 2017, Ganim filed a petition for reinstatement, claiming that the term of suspension had been completed and requesting that I "deem his license to practice law before the

United States District Court for the District of Connecticut be reinstated." Doc. No. 33, Petition for Reinstatement, at 1. Ganim further stated that he had chosen not to seek early reinstatement and instead completed the defined term of suspension. *Id.* at 1.

On September 27, 2017, the Federal Grievance Committee filed an objection to the petition for reinstatement, stating that Ganim had "failed to meet the requirements of Local Rule 83.2(i)(1)." Doc. No. 34, Objection to Petition for Reinstatement, at 1. The Federal Grievance Committee further stated that, although Ganim "provide[d] evidence of his compliance with the conditions for early reinstatement… [the petition did] not include a certificate of good standing from the State of Connecticut or other state, as required by Local Rule 83.2(i)(1)." *Id.* at 1–2.

The language of the suspension order indicating that Ganim could petition for reinstatement "regardless of whether he has been admitted to the Connecticut Bar" was intended to address a timing issue. The order effectively allowed Ganim to apply simultaneously for reinstatement to the state and federal bars. It was not my intention to modify the requirements of Local Rule 83.2(i)(1) or to contemplate reinstatement without admission to a state bar; a certificate of good standing from the State of Connecticut, or another state court, as required by Local Rule 83.2(i)(1), is still necessary for readmission to the District Court Bar. Because the petition fails to comply with Local Rule 83.2(i)(1), it must be denied.

Accordingly, the Motion for Reinstatement Order is denied without prejudice to refiling accompanied by the required certificate of good standing.

So ordered.

Dated at Bridgeport, Connecticut, this 1st day of December.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge